## <u>DECLARATION OF Christa Jones</u>

I, Christa Jones, declare as follows:

1.      I am a resident of the State of Oregon. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2.      I am currently employed by the Oregon Health Authority as the Behavioral Health Division's Deputy Director of Service Delivery.

3.      As Deputy Director of Service Delivery, I am responsible for oversight of the adult and children's behavioral health service delivery.  In this role I develop and support policies, programming and budgets to ensure Oregon has a comprehensive behavioral health service system across the lifespan of individuals.

4.      Oregon Health Authority recently received 4 award terminations from the U.S. Department of Health and Human Services via the Substance Abuse and Mental Health Services Administration. The total value of the terminated awards was $13,272,564 million dollars that impacts 80 grant recipients. All terminations were "for cause" based on the end of the COVID pandemic, rather than failure of the Oregon Health Authority to follow the terms or conditions of the grants. Each award termination uses the same identical form language stating that, "Consistent with the President's Executive Order 14222, Implementing the President's "Department of Government Efficiency" Cost Efficiency Initiative requiring a comprehensive review of SAMHSA grants, and where appropriate and consistent with applicable law, terminate such grants to reduce the overall Federal spending **this grant is being terminated effective March 24, 2025**.   These grants were issued for a limited purpose: To ameliorate the effects of

the pandemic. The end of the pandemic provides cause to terminate COVID-related grants.  Now that the pandemic is over, the grants are no longer necessary."

5.    In 2021, the Department of Health and Human Services Substance Abuse and Mental Health Services Administration notified states that the American Rescue Plan Act of 2021 (ARPA) directed the Substance Abuse and Mental Health Services Administration (SAMHSA) to "provide additional funds to support states through Block Grants to address the effects of the COVID-19 pandemic for Americans with mental illness and substance use disorders."  True and correct copies of Notices of Award are attached as Exhibit A.

6.    According to the guidance document provided by SAMHSA, "states must spend the MHBG funds based on 42 U.S.C. Chapter 6A, Subchapter XVII, Part B, Subpart I: Block Grants for Community Mental Health Services for adults with serious mental illness (SMI) and children with serious emotional disturbance (SED).  Consistent with HHS Disaster Relief Flexibilities, SAMHSA may waive requirements with respect to allowable activities, timelines, or reporting requirements for the MHBG, as deemed necessary to facilitate a grantee's response to coronavirus. The MHBG allocation requires states to set aside ten percent (10%) of their total allocation for first-episode psychosis or early SMI programs. SAMHSA encourages states to consider a focus on support of a behavioral health crisis continuum. An effective statewide crisis system affords equal access to crisis supports that meet needs anytime, anyplace, and for anyone. This includes those living in remote areas and underserved communities as well as youth, older adults, persons of diverse backgrounds, and other marginalized populations; the crisis service continuum will need to be able to equally and adeptly serve everyone." States were encouraged to focus on crisis services, increasing outpatient services access, expanding telehealth (including pathways for Medication Assisted Treatment), develop crisis stabilization teams and provide

2

technical assistance to enhance services, including Certified Community Behavioral Health Clinics.  Lastly, SAMHSA asked that states identify needs and gaps within the mental health and substance abuse continuums.

7.      As set out in its grant proposal, Oregon Health Authority intended to use the COVID Mitigation funds to address the following:

- Distribution of testing resources and use-skills education for communities;

- Dissemination of PPE;

- Provide last result transportation support for testing

- Development of a substance use provider/behavioral health information exchange network cross-cutting current silos;

- Development of a targeted population community health education campaign for testing and promoted healthy COVID-19 mitigation behavior;

- Conduct qualitative groups with harm reduction providers to identify gaps, resource needs and fill education, testing hesitancy and testing

- Dissemination of trauma-informed crisis emergency response and behavioral health skills training for front-line COVID19 workers, especially those reaching the most difficult-to-reach populations; and prioritizing tribal partners and Spanish speaking providers

As set out in its grant proposal, Oregon Health Authority intended to use the ARPA funds to address the following needs and gaps:

- 988 and the Crisis Service Delivery System

- Equity and Inclusion, and Individuals with Lived Experience, including Latino Emotional Health Collaborative

3

- Children and Adolescents with Serious Mental Illness:  Early Assessment and
  Support Alliance (EASA)

- Improve access to services for child and families with Serious Emotional
  Disturbances (SED)

- Transportation for Aid and Assist individuals to placement from the Oregon State
  Hospital

- Services for Veterans with Severe Mental Illness and Traumatic Brain Injury,
  including a Veteran's Behavioral Health Report

- Veteran's system upgrade including Electronic Health Record

- Dementia Screening in Primary Care for Older Adults

- Peers and volunteers for mitigation social isolation for adults with a substance use
  disorder

- Behavioral Health statewide learning modules on older adults with co-occurring
  disorders

- Behavioral Health Center for Excellence for Older Adults and People with
  Disabilities

- Peer Drop In Centers

- Facility improvement to increase client safety in behavioral health settings

- Substance use disorder prevention services for children, youth, young adults and
  families

- Substance use disorder prevention for Public Health Division

- Integrated primary and behavioral healthcare for pregnant persons with a substance
  use disorder

4

8.      These grants began September 1, 2021 with an end date of September 30, 2025.

9.      Since September 2021, Oregon Health Authority has used the Substance Use Prevention, Treatment and Recovery Services (SUPTRS) Block Grant and the Mental Health Block Grant (MHBG) Covid Mitigation funds and the SUPTRS and MHBG ARPA grant funds in a manner fully consistent with SAMHSA's May 2021 and August 2021 respectively statements regarding the nature of the grant and application.

10.      Oregon Health Authority engaged internal and external community partners to determine programs that supported the work outlined in the SAMHSA guidance and Oregon Health Authority's plan.  Contract administrators worked with individual providers to set forth an agreed upon statement of work, as well as the cadence for funding distribution.  The contract administrators and SAMHSA Block Grant planners met monthly to ensure funds were being utilized according to the federal guidance and spent down appropriately.

11.      On March 24, 2025, without any prior notice or indication, SAMHSA informed Oregon Health Authority that effective March 24, 2025 its SUPTRS and MHBG Covid Mitigation and ARPA grants were being terminated. A true and correct copy of the notices of termination are attached as Exhibit B.

12.      The Oregon Health Authority relied and acted upon its expectation and understanding that HHS would fulfill its commitment to provide SUPTRS and MHBG Covid Mitigation and ARPA funding it had awarded to the Oregon Health Authority]. The funds were critical in filling gaps in substance use and behavioral health services for children, youth, families and adults.  The sudden loss of these funds without adequate notice is disruptive for providers who are already managing significant challenges in meeting community need due to the lingering impact of COVID-19, such as a decreased and overburdened workforce and

5

clientele with increased clinical needs and acuity. These funds were used to enhance peer delivered services, increase training for providers working with specialized population, support veterans and provide SUD prevention services.

13.     Terminating funding with no notice has harmed providers who thoughtfully plan and leverage a variety of funding sources to meet the need for the populations served. Loss of this funding puts important and life saving services at risk for closure, impacts trust between providers and vulnerable individuals in need and further demoralizes and destabilizes the workforce.

14.     Prior to the grant award termination on March 24, 2025, SAMHSA had never provided the Oregon Health Authority with notice, written or otherwise, that the grant administered by the Oregon Health Authority was in any way unsatisfactory.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on March 29, 2025, at Portland, Oregon.

_____
Christa Jones

**Department of Health and Human Services**
Substance Abuse and Mental Health Services Administration
Center for Substance Abuse Treatment

**Notice of Award**
FAIN# B08TI083963
**Federal Award Date**
05/17/2021

## Recipient Information

**1. Recipient Name**
OREGON HEALTH AUTHORITY DIRECTORS
OFFICE FINANCIAL SERVICES
500 SUMMER ST NE

SALEM, OR 97301

**2. Congressional District of Recipient**
05

**3. Payment System Identifier (ID)**
1273327978A1

**4. Employer Identification Number (EIN)**
273327978

**5. Data Universal Numbering System (DUNS)**
964093350

**6. Recipient's Unique Entity Identifier**

**7. Project Director or Principal Investigator**
Steven  Allen

Steven.J.Allen@state.OR.US

**8. Authorized Official**

steven.j.allen@dhsoha.state.or.us

## Federal Agency Information

**9. Awarding Agency Contact Information**
Wendy Pang
Grants Management Specialist
Center for Substance Abuse Treatment
wendy.pang@samhsa.hhs.gov
(240) 276-1419

**10. Program Official Contact Information**
Jessica  Hartman

Center for Substance Abuse Treatment
Jessica.Hartman@samhsa.hhs.gov
240-276-1017

## Federal Award Information

**11. Award Number**
1B08TI083963-01

**12. Unique Federal Award Identification Number (FAIN)**
B08TI083963

**13. Statutory Authority**
Subparts II&III,B,Title XIX,PHS Act/45 CFR Part96

**14. Federal Award Project Title**
Substance Abuse Prevention & Treatment Block Grant

**15. Assistance Listing Number**
93.959

**16. Assistance Listing Program Title**
Block Grants for Prevention and Treatment of Substance Abuse

**17. Award Action Type**
New Competing

**18. Is the Award R&D?**
No

### Summary Federal Award Financial Information

| | |
|---|---:|
| **19. Budget Period Start Date** 09/01/2021 – **End Date** 09/30/2025 | |
| **20. Total Amount of Federal Funds Obligated by this Action** | $16,658,035 |
| 20 a.  Direct Cost Amount | $16,658,035 |
| 20 b.  Indirect Cost Amount | $0 |
| **21.** Authorized Carryover | |
| **22.** Offset | |
| **23.** Total Amount of Federal Funds Obligated this budget period | $16,658,035 |
| **24. Total Approved Cost Sharing or Matching, where applicable** | $0 |
| **25. Total Federal and Non-Federal Approved this Budget Period** | $16,658,035 |
| **26. Project Period Start Date** 09/01/2021 – **End Date** 09/30/2025 | |
| **27.** Total Amount of the Federal Award including Approved Cost Sharing or Matching this Project Period | $16,658,035 |

**28. Authorized Treatment of Program Income**
Additional Costs

**29. Grants Management Officer - Signature**
Odessa  Crocker

**30. Remarks**

Acceptance of this award, including the "Terms and Conditions," is acknowledged by the recipient when funds are drawn down or otherwise requested from the grant payment system.





SABG
Department of Health and Human Services
Substance Abuse and Mental Health Services Administration

Notice of Award

**Issue Date:**    05/17/2021

Center for Substance Abuse Treatment

**Award Number:**  1B08TI083963-01
**FAIN:**           B08TI083963-01
**Contact Person:** Steven  Allen

**Program:** Substance Abuse Prevention & Treatment Block Grant

OREGON HEALTH AUTHORITY DIRECTORS OFFICE FINANCIAL SERVICES
500 SUMMER ST NE

SALEM, OR 97301

**Award Period:**  09/01/2021 – 09/30/2025

Dear Grantee:

The Substance Abuse and Mental Health Services Administration hereby awards a
grant in the amount of      $16,658,035 (see "Award Calculation" in Section I) to
OREGON HEALTH AUTHORITY DIRECTORS OFFICE FINANCIAL SERVICES in
support of the above referenced project. This award is pursuant to the authority of
Subparts II&III,B,Title XIX,PHS Act/45 CFR Part96 and is subject to the requirements
of this statute and regulation and of other referenced, incorporated or attached terms and
conditions.

Acceptance of this award including the "Terms and Conditions" is acknowledged by the
grantee when funds are drawn down or otherwise obtained from the grant payment
system.

If you have any questions about this award, please contact your Grants Management
Specialist and your Government Project Officer listed in your terms and conditions.

Sincerely yours,
Odessa  Crocker
Grants Management Officer
Division of Grants Management

See additional information below

## SECTION I – AWARD DATA – 1B08TI083963-01

**FEDERAL FUNDS APPROVED:**                                    $16,658,035

**AMOUNT OF THIS ACTION (FEDERAL SHARE):**        $16,658,035

**CUMULATIVE AWARDS TO DATE:**                        $16,658,035

**UNAWARDED BALANCE OF CURRENT YEAR'S FUNDS:**                                                             $0

**Fiscal Information:**
**CFDA Number:**       93.959
**EIN:**                       1273327978A
                                      1
**Document Number:**    21B1ORSAP
                                     TC6
**Fiscal Year:**         2021

| IC | CAN | 01 |
|---|---|---|
| TI | C96D570 | $16,658,035 |

**PCC:** SAPT / **OC:** 4115

## SECTION II – PAYMENT/HOTLINE INFORMATION –        1B08TI083963-01

Payments under this award will be made available through the HHS Payment Management System (PMS). PMS is a centralized grants payment and cash management system, operated by the HHS Program Support Center (PSC), Division of Payment Management (DPM). Inquiries regarding payment should be directed to: The Division of Payment Management System, PO Box 6021, Rockville, MD 20852, Help Desk Support – Telephone Number: 1-877-614-5533.

The HHS Inspector General maintains a toll-free hotline for receiving information concerning fraud, waste, or abuse under grants and cooperative agreements. The telephone number is: 1-800-HHS-TIPS (1-800-447-8477). The mailing address is: Office of Inspector General, Department of Health and Human Services, Attn: HOTLINE, 330 Independence Ave., SW, Washington, DC 20201.

## SECTION III – TERMS AND CONDITIONS – 1B08TI083963-01

## STANDARD TERMS AND CONDITIONS

**SABG FY2021 ARPA funding**

  **Remarks:**

This Notice of Award (NoA) provides American Rescue Plan Act (ARPA) Supplemental Funding for the Substance Abuse Prevention and Treatment (SABG) Block Grant Program, in accordance with H.R. 1319 - American Rescue Plan Act of 2021. Consistent with HHS Disaster Relief Flexibilities, SAMHSA may waive requirements with respect to allowable activities, timelines, or reporting requirements for the SABG as deemed necessary to facilitate a grantee's response to coronavirus.

A proposal of the state's spending plan must be submitted by July 2, 2021 via the Web Block Grant Application System (WebBGAS). Using the WebBGAS Revision Request for the FFY 2021 Block Grant Application, grantees are required to upload the Plan document (Microsoft Word or pdf), using the associated tab in the State Information Section, Chief Executive Officer's Funding Agreement – Certifications and Assurances/Letter Designating Signatory Authority [SA]. Please title this document "ARPA Funding Plan 2021-SA" (States must upload separate proposals based on MHBG and SABG guidance into the WebBGAS system.

Further information on this is included in the letter from Acting Assistant Secretary for Mental Health and Substance Use, Tom Coderre.

## Standard Terms of Award:

### 1) Acceptance of the Terms of an Award

By drawing or otherwise obtaining funds from the HHS Payment Management System, the recipient acknowledges acceptance of the terms and conditions of the award and is obligated to perform in accordance with the requirements of the award. Except for any waiver granted explicitly elsewhere in this section, this award does not constitute approval for waiver of any Federal statutory/regulatory requirements for a SABG. Once a recipient accepts an award, the contents of the Notice of Award (NoA) are binding on the recipient unless and until modified by a revised NoA signed by the GMO.

### Certification Statement:

By drawing down funds, The recipient agrees to abide by the statutory requirements of all sections of the Substance Abuse Prevention and Treatment Block Grant (SABG) (Public Health Service Act, Sections 1921-1935 and sections 1941-1957) (42 U.S.C. 300x-21-300x-35 and 300x-51-300x-67, as amended), and other administrative and legal requirements as applicable for the duration of the award.

### 2) Availability of Funds

Funds provided under this grant must be obligated and expended by September 30, 2025.

### 3) Fiscal and administrative requirements

This NoA issued is subject to the administrative requirements for HHS block grants under 45 CFR Part 96, as applicable, and 45 CFR Part 75, as specified. Except for section 75.202 of Subpart C, and sections 75.351 through 75.353 of Subpart D, the requirements in Subpart C, Subpart D, and Subpart E do not apply to this program (reference 45 CFR Part 75 Subpart B, 75.101(d)).

**Fiscal control and accounting procedures** - Fiscal control and accounting procedures must be sufficient to (a) permit preparation of reports required by the statute authorizing the block grant and (b) permit the tracing of funds to a level of expenditure adequate to establish that such funds have not been used in violation of the restrictions and prohibitions of the statute authorizing the block grant.

ARPA funding is being issued under a separate grant award number and has a unique subaccount in the Payment Management System. Accordingly, ARPA funds must be tracked and reported separately from other FY 2021 awarded funds, including COVID-19 Supplemental funding and the Annual Block Grant Allotment.

**Audits** - Grantees and subgrantees are responsible for obtaining audits in accordance with the Single Audit Act Amendments of 1996 (31 U.S.C. 7501-7507) and revised OMB Circular A-133, "Audits of State, Local Governments, and Non-Profit Organizations." The audits shall be made by an independent auditor in accordance with generally accepted Government auditing standards covering financial audits.

Except for any waiver granted explicitly elsewhere in this section, this award does not constitute approval for waiver of any Federal statutory/regulatory requirements for a SABG.

### 4) Flow-down of requirements to sub-recipients

The grantee, as the awardee organization, is legally and financially responsible for all aspects of this award including funds provided to sub-recipients, in accordance with 45 CFR 75.351-75.353, Sub-recipient monitoring and management.

### 5) Executive Pay

The Consolidated Appropriations Act, 2021 (Public Law 116-260), signed into law on December 27, 2020 restricts the amount of direct salary to Executive Level II of the Federal Executive Pay scale. Effective January 3, 2021, the salary limitation for Executive Level II is $199,300.

For awards issued prior to this change, if adequate funds are available in active awards, and if the salary cap increase is consistent with the institutional base salary, recipients may re-budget to accommodate the current Executive Level II salary level. However, no additional funds will be provided to these grant awards.

### 6) Marijuana Restriction:

Grant funds may not be used, directly or indirectly, to purchase, prescribe, or provide marijuana or treatment using marijuana. Treatment in this context includes the treatment of opioid use disorder. Grant funds also cannot be provided to any individual who or organization that provides or permits marijuana use for the purposes of treating substance use or mental disorders. See, e.g., 45 C.F.R. 75.300(a) (requiring HHS to ensure that Federal funding is expended . . . in full accordance with U.S. statutory . . . requirements.); 21 U.S.C. 812(c) (10) and 841 (prohibiting the possession, manufacture, sale, purchase or distribution of marijuana). This prohibition does not apply to those providing such treatment in the context of clinical research permitted by the DEA and under an FDA-approved investigational new drug application where the article being evaluated is marijuana or a constituent thereof that is otherwise a banned controlled substance under federal law.

**7) SAM and DUNS Requirements**

THIS AWARD IS SUBJECT TO REQUIREMENTS AS SET FORTH IN 2 CFR 25.110 CENTRAL CONTRACTOR REGISTRATION CCR) (NOW SAM) AND DATA UNIVERSAL NUMBER SYSTEM (DUNS) NUMBERS. 2 CFR Part 25 - Appendix A4
System of Award Management (SAM) and Universal Identifier Requirements
A. Requirement for System of Award Management:
Unless you are exempted from this requirement under 2 CFR 25.110, you, as the recipient, must maintain the currency of your information in the SAM, until you submit the final financial report required under this award or receive the final payment, whichever is later. This requires that you review and update the information at least annually after the initial registration, and more frequently if required by changes in your information or another award term.
B. Requirement for unique entity identifier If you are authorized (reference project description) to make subawards under this award, you:
1. Must notify potential subrecipients that no entity (see definition in paragraph C of this award term) may receive a subaward from you, unless the entity has provided its unique entity identifier to you.
2. May not make a subaward to an entity, unless the entity has provided its unique entity identifier to you.
C. Definitions. For purposes of this award term:
1. System of Award Management (SAM) means the federal repository into which an entity must provide information required for the conduct of business as a recipient. Additional information about registration procedures may be found at the SAM Internet site (currently at: http://www.sam.gov).
2. Unique entity identifier means the identifier required for SAM registration to uniquely identify business entities.
3. Entity, as it is used in this award term, means all of the following, as defined at 2 CFR Part 25, Subpart C:
a. A governmental organization, which is a state, local government, or Indian Tribe; b. A foreign public entity; c. A domestic or foreign nonprofit organization; d. A domestic or foreign for-profit organization; and e. A Federal agency, but only as a sub-recipient under an award or sub-award to a nonfederal entity.
4. Sub-award:
a. This term means a legal instrument to provide support for the performance of any portion of the substantive project or program for which you received this award and that you as the recipient award to an eligible sub-recipient. b. The term does not include your procurement of property and services needed to carry out the project or program (for further explanation, see 2 CFR 200.330). c. A sub-award may be provided through any legal agreement, including an agreement that you consider a contract.
5. Sub-recipient means an entity that: a. Receives a sub-award from you under this award; and b. Is accountable to you for the use of the federal funds provided by the sub-award.

**8) Federal Financial Accountability and Transparency Act (FFATA)**

Reporting Subawards and Executive Compensation, 2 CFR, Appendix A to Part 170

a. Reporting of first tier subawards.

1. Applicability. Unless you are exempt as provided in paragraph d. of this award term, you must report each action that obligates $25,000 or more in Federal funds that does not include Recovery funds (as defined in section 1512(a)(2) of the American Recovery and Reinvestment Act of 2009, Pub. L. 111-5) for a subaward to an entity (see definitions in paragraph e. of this award term).

2. Where and when to report.

i. You must report each obligating action described in paragraph a.1. of this award term to http://www.fsrs.gov.

ii. For subaward information, report no later than the end of the month following the month in which the obligation was made. (For example, if the obligation was made on November 7, 2010, the obligation must be reported by no later than December 31, 2010.)

3. What to report. You must report the information about each obligating action that the submission instructions posted at http://www.fsrs.gov specify.

b. Reporting Total Compensation of Recipient Executives.

1. Applicability and what to report. You must report total compensation for each of your five most highly compensated executives for the preceding completed fiscal year, if

i. the total Federal funding authorized to date under this award is $25,000 or more;

ii. in the preceding fiscal year, you received (A) 80 percent or more of your annual gross revenues from Federal procurement contracts (and subcontracts) and Federal financial assistance subject to the Transparency Act, as defined at 2 CFR 170. 320 (and subawards); and (B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts) and Federal financial assistance subject to the Transparency Act, as defined at 2 CFR 170.320 (and subawards); and

iii. The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at http://www.sec.gov/answers/execomp.htm.)

2. Where and when to report. You must report executive total compensation described in paragraph b. 1. of this award term:

i. As part of your registration profile at https://www.sam.gov.

ii. By the end of the month following the month in which this award is made, and annually thereafter.

c. Reporting of Total Compensation of Subrecipient Executives.

1. Applicability and what to report. Unless you are exempt as provided in paragraph d. of this award term, for each first tier subrecipient under this award, you shall report the names and total compensation of each of the subrecipient's five most highly

compensated executives for the subrecipient's preceding completed fiscal year, if

i. in the subrecipient's preceding fiscal year, the subrecipient received (A) 80 percent or more of its annual gross revenues from Federal procurement contracts (and subcontracts) and Federal financial assistance subject to the Transparency Act, as defined at 2 CFR 170.320 (and subawards); and (B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts), and Federal financial assistance subject to the Transparency Act (and subawards); and

ii. The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at http://www.sec.gov/answers/execomp.htm.)

2. Where and when to report. You must report subrecipient executive total compensation described in paragraph c. 1. of this award term:

i. To the recipient.

ii. By the end of the month following the month during which you make the subaward. For example, if a subaward is obligated on any date during the month of October of a given year (i.e., between October 1 and 31), you must report any required compensation information of the subrecipient by November 30 of that year.

d. Exemptions If, in the previous tax year, you had gross income, from all sources, under $300,000, you are exempt from the requirements to report:

i. Subawards, and

ii. The total compensation of the five most highly compensated executives of any subrecipient.

e. Definitions. For purposes of this award term:

1. Entity means all of the following, as defined in 2 CFR part 25:

i. A Governmental organization, which is a State, local government, or Indian tribe;

ii. A foreign public entity;

iii. A domestic or foreign nonprofit organization;

iv. A domestic or foreign for-profit organization;

v. A Federal agency, but only as a subrecipient under an award or subaward to a non-Federal entity.

2. Executive means officers, managing partners, or any other employees in management positions.

3. Subaward:

i. This term means a legal instrument to provide support for the performance of any portion of the substantive project or program for which you received this award and that you as the recipient award to an eligible subrecipient.

ii. The term does not include your procurement of property and services needed to carry out the project or program (for further explanation, see Sec. __. 210 of the attachment to OMB Circular A-133, Audits of States, Local Governments, and Nonprofit Organizations).

iii. A subaward may be provided through any legal agreement, including an agreement that you or a subrecipient considers a contract.

4. Subrecipient means an entity that: i. Receives a subaward from you (the recipient) under this award; and ii. Is accountable to you for the use of the Federal funds provided by the subaward.

5. Total compensation means the cash and noncash dollar value earned by the executive during the recipient's or subrecipient's preceding fiscal year and includes the following (for more information see 17 CFR 229.402(c)(2)):

i. Salary and bonus.

ii. Awards of stock, stock options, and stock appreciation rights. Use the dollar amount recognized for financial statement reporting purposes with respect to the fiscal year in accordance with the Statement of Financial Accounting Standards No. 123 (Revised 2004) (FAS 123R), Shared Based Payments.

iii. Earnings for services under non-equity incentive plans. This does not include group life, health, hospitalization or medical reimbursement plans that do not discriminate in favor of executives and are available generally to all salaried employees.

iv. Change in pension value. This is the change in present value of defined benefit and actuarial pension plans.

v. Above-market earnings on deferred compensation which is not tax-qualified. vi. Other compensation, if the aggregate value of all such other compensation (e.g. severance, termination payments, value of life insurance paid on behalf of the employee, perquisites or property) for the executive exceeds $10,000. [75 FR 55669, Sept. 14, 2010, as amended at 79 FR 75879, Dec. 19, 2014]

**9) Mandatory Disclosures**

Consistent with 45 CFR 75.113, applicants and recipients must disclose in a timely manner, in writing to the HHS Office of Inspector General (OIG), all information related to violations, or suspected violations, of Federal criminal law involving fraud, bribery, or gratuity violations potentially affecting the Federal award. Subrecipients must disclose, in a timely manner, in writing to the prime recipient (pass through entity) and the HHS OIG, all information related to violations, or suspected violations, of Federal criminal law involving fraud, bribery, or gratuity violations potentially affecting the Federal award. Disclosures must be sent in writing to the awarding agency and to the HHS OIG at the following addresses:

U.S. Department of Health and Human Services Office of Inspector General

ATTN: Mandatory Grant Disclosures, Intake Coordinator 330 Independence Avenue,

SW, Cohen Building Room5527 Washington, DC 20201

Fax: (202) 205-0604 (Include "Mandatory Grant Disclosures" in subject line) or email:

MandatoryGranteeDisclosures@oig.hhs.gov

Failure to make required disclosures can result in any of the remedies described in 45 CFR 75.371 remedies for noncompliance, including suspension or debarment (see 2 CFR parts 180 & 376 and 31 U.S.C. 3321).

**10) The Trafficking Victims Protection Act of 2000 (22 U.S.C. 7104(G)), as amended, and 2 C.F.R. PART 175**

The Trafficking Victims Protection Act of 2000 authorizes termination of financial assistance provided to a private entity, without penalty to the Federal government, if the recipient or subrecipient engages in certain activities related to trafficking in persons. SAMHSA may unilaterally terminate this award, without penalty, if a private entity recipient, or a private entity subrecipient, or their employees:   a) Engage in severe forms of trafficking in persons during the period of time that the award is in effect; b) Procure a commercial sex act during the period of time that the award is in effect; or, c) Use forced labor in the performance of the award or subawards under the award. The text of the full award term is available at 2 C.F.R. 175.15(b). See http://www.gpo.gov/fdsys/pkg/CFR-2012-title2-vol1/pdf/CFR-2012-title2-vol1-sec175-15.pdf.

**11) Drug-Free Workplace Requirements**

The Drug-Free Workplace Act of 1988 (41 U.S.C. 701 et seq.) requires that all organizations receiving grants from any Federal agency agree to maintain a drug-free workplace. When the AR signed the application, the AR agreed that the recipient will provide a drug-free workplace and will comply with the requirement to notify SAMHSA if an employee is convicted of violating a criminal drug statute.   Failure to comply with these requirements may be cause for debarment. Government wide requirements for Drug-Free Workplace for Financial Assistance are found in 2 CFR part 182; HHS implementing regulations are set forth in 2 CFR part 382.400. All recipients of SAMHSA grant funds must comply with the requirements in Subpart B (or Subpart C if the recipient is an individual) of Part 382.

**12) Lobbying**

No funds provided under the attached Notice of Award (NoA) may be used by you or any sub-recipient under the grant to support lobbying activities to influence proposed or pending federal or state legislation or appropriations. The prohibition relates to the use of federal grant funds and is not intended to affect your right or that of any other organization, to petition Congress or any other level of government, through the use of other nonfederal resources.   Reference 45 CFR Part 93.

**13) Accessibility Provisions**

Grant recipients of Federal financial assistance (FFA) from HHS must administer their programs in compliance with Federal civil rights law. This means that recipients of HHS funds must ensure equal access to their programs without regard to a person s race, color, national origin, disability, age, and in some circumstances, sex and religion. This includes ensuring your programs are accessible to persons with limited English proficiency.   The HHS Office for Civil Rights also provides guidance on complying with civil rights laws enforced by HHS. Please see

http://www.hhs.gov/ocr/civilrights/understanding/section1557/index.html. Recipients
of FFA also have specific legal obligations for serving qualified individuals with
disabilities. Please see
http://www.hhs.gov/ocr/civilrights/understanding/disability/index.html. Please contact
the HHS Office for Civil Rights for more information about obligations and
prohibitions under Federal civil rights laws at https://www.hhs.gov/civil-
rights/index.html or call 1-800-368-1019 or TDD 1-800-537-7697.   Also note that it is
an HHS Departmental goal to ensure access to quality, culturally competent care,
including long-term services and supports, for vulnerable populations. For further
guidance on providing culturally and linguistically appropriate services, recipients
should review the National Standards for Culturally and Linguistically Appropriate
Services in Health and Health Care at
https://minorityhealth.hhs.gov/omh/browse.aspx?lvl=1&lvlid=6.

**14) Audits**

Non-Federal recipients that expend $750,000 or more in federal awards during the
recipient's fiscal year must obtain an audit conducted for that year in accordance with
the provisions of 45 CFR 96.31.
Recipients are responsible for submitting their Single Audit Reports and the Data
Collections Forms (SF-FAC) electronically to the to the Federal Audit Clearinghouse
Visit disclaimer page (FAC) within the earlier of 30 days after receipt or nine months
after the FY s end of the audit period. The FAC operates on behalf of the OMB.

For specific questions and information concerning the submission process: Visit the
Federal Audit Clearinghouse at https://harvester.census.gov/facweb  or Call FAC at the
toll-free number: (800) 253-0696

**Reporting Requirements:**

**Federal Financial Report (FFR)**

The recipient is required to submit a Federal Financial Report (FFR) 90 days after the
close of the performance period (project period).  The SF-425 shall report total funds
obligated and total funds expended by the grantee.

Effective January 1, 2021, award recipients are required to submit the SF-425 Federal
Financial Report (FFR) via the Payment Management System (PMS).  If the individual
responsible for FFR submission does not already have an account with PMS,
please contact PMS to obtain access.

Recipients must liquidate all obligations incurred under an award not later than ninety
(90) days after the end of the award obligation and expenditure period (i.e., the project
period) which also coincides with the due date for submission of the FINAL SF-425,
*Federal Financial Report* (FFR).  After ninety (90) days, letter of credit accounts are
locked.  SAMHSA does not approve extensions to the ninety (90) day post-award
reconciliation/liquidation period.  Therefore, recipients are expected to complete all
work and reporting within the approved project period and the aforementioned 90-day
post-award reconciliation/liquidation period.  Recipients (late) withdrawal requests
occurring after the aforementioned periods are denied.  In rare instances, SAMHSA

may approve an extension to submit a FINAL SF-425 FFR report, but this is *not* an extension of the 90-day post award reconciliation/liquidation period, but rather only an extension to submit the Final SF-425 report (FFR).

**Annual Report**

Reporting on the ARPA funding is required. States must prepare and submit their respective reports utilizing WebBGAS. Failure to comply with these requirements may cause the initiation of enforcement actions that can culminate in discontinuation of SABG grants.

Your assigned SABG Program Official will provide further guidance and additional submission information.

In accordance with the regulatory requirements provided at 45 CFR 75.113 and Appendix XII to 45 CFR Part 75, recipients that have currently active Federal grants, cooperative agreements, and procurement contracts with cumulative total value greater than $10,000,000 must report and maintain information in the System for Award Management (SAM) about civil, criminal, and administrative proceedings in connection with the award or performance of a Federal award that reached final disposition within the most recent five-year period. The recipient must also make semiannual disclosures regarding such proceedings. Proceedings information will be made publicly available in the designated integrity and performance system (currently the Federal Awardee Performance and Integrity Information System (FAPIIS)). Full reporting requirements and procedures are found in Appendix XII to 45 CFR Part 75.

**Staff Contacts:**

Jessica  Hartman, Program Official
**Phone**: 240-276-1017  **Email:** Jessica.Hartman@samhsa.hhs.gov

Wendy  Pang, Grants Specialist
**Phone:** (240) 276-1419  **Email:** wendy.pang@samhsa.hhs.gov  **Fax:** (240) 276-1430

| | |
|---|---|
| **Department of Health and Human Services** | **Notice of Award** |
| Substance Abuse and Mental Health Services Administration | FAIN# B09SM089648 |
| Center for Mental Health Services | **Federal Award Date**<br>05/16/2024 |

**Recipient Information**

**1. Recipient Name**
OREGON HEALTH AUTHORITY
500 SUMMER ST NE
SALEM, OR 97301

**2. Congressional District of Recipient**
06

**3. Payment System Identifier (ID)**
1273327978A1

**4. Employer Identification Number (EIN)**
273327978

**5. Data Universal Numbering System (DUNS)**
964093350

**6. Recipient's Unique Entity Identifier**
MCB4BL7NBJ93

**7. Project Director or Principal Investigator**
Ebony  Clarke

ebony.s.clarke@oha.oregon.gov

**8. Authorized Official**
Ebony Clarke
steven.j.allen@dhsoha.state.or.us

**Federal Agency Information**

**9. Awarding Agency Contact Information**
Wendy Pang
Grants Specialist
wendy.pang@samhsa.hhs.gov
(240) 276-1419

**10. Program Official Contact Information**
Esther  Urena
Program Official
ESTHER.URENA@SAMHSA.HHS.GOV
240-276-

**Federal Award Information**

**11. Award Number**
1B09SM089648-01

**12. Unique Federal Award Identification Number (FAIN)**
B09SM089648

**13. Statutory Authority**
Subparts I&III,B,Title XIX,PHS Act/45 CFR Part96

**14. Federal Award Project Title**
Block Grants for Community Mental Health Services

**15. Assistance Listing Number**
93.958

**16. Assistance Listing Program Title**
Block Grants for Community Mental Health Services

**17. Award Action Type**
New Competing (REVISED)

**18. Is the Award R&D?**
No

| Summary Federal Award Financial Information | |
|---|---|
| **19. Budget Period Start Date** 10/01/2023 – **End Date** 09/30/2025 | |
| **20. Total Amount of Federal Funds Obligated by this Action** | $10,014,735 |
| 20 a.  Direct Cost Amount | $10,014,735 |
| 20 b.  Indirect Cost Amount | $0 |
| 21. Authorized Carryover | |
| 22. Offset | |
| **23. Total Amount of Federal Funds Obligated this budget period** | $15,232,494 |
| **24. Total Approved Cost Sharing or Matching, where applicable** | $0 |
| **25. Total Federal and Non-Federal Approved this Budget Period** | $15,232,494 |
| **26. Project Period Start Date** 10/01/2023 – **End Date** 09/30/2025 | |
| 27. Total Amount of the Federal Award including Approved Cost Sharing or Matching this Project Period | $15,232,494 |

**28. Authorized Treatment of Program Income**
Additional Costs

**29. Grants Management Officer - Signature**
Katrina  Morgan

**30. Remarks**

Acceptance of this award, including the "Terms and Conditions," is acknowledged by the recipient when funds are drawn down or otherwise requested from the grant payment system.



| | Notice of Award | |
|---|---|---|
| MHBG | | **Issue Date:** 05/16/2024 |

Department of Health and Human Services
Substance Abuse and Mental Health Services Administration

Center for Mental Health Services

**Award Number:** 1B09SM089648-01 REVISED
**FAIN:** B09SM089648-01
**Contact Person:** Ebony Clarke

**Program:** Block Grants for Community Mental Health Services

OREGON HEALTH AUTHORITY
500 SUMMER ST NE

SALEM, OR 97301

**Award Period:** 10/01/2023 − 09/30/2025

Dear Grantee:

The Substance Abuse and Mental Health Services Administration hereby revises this award to reflect an increase in the amount of $10,014,735 (see "Award Calculation" in Section I and "Terms and Conditions" in Section III) to OREGON HEALTH AUTHORITY in support of the above referenced project. This award is pursuant to the authority of Subparts I&III,B,Title XIX,PHS Act/45 CFR Part96 and is subject to the requirements of this statute and regulation and of other referenced, incorporated or attached terms and conditions.

Acceptance of this award including the "Terms and Conditions" is acknowledged by the grantee when funds are drawn down or otherwise obtained from the grant payment system.

If you have any questions about this award, please contact your Grants Management Specialist and your Government Project Officer listed in your terms and conditions.

Sincerely yours,
Katrina Morgan
Grants Management Officer
Division of Grants Management

See additional information below

Version: 25 - 2/15/2024 9:51 AM | Generated on 5/17/2024 12:13 AM

**SECTION I – AWARD DATA – 1B09SM089648-01 REVISED**

| | |
|---|---|
| **FEDERAL FUNDS APPROVED:** | $15,232,494 |
| **AMOUNT OF THIS ACTION (FEDERAL SHARE):** | $10,014,735 |
| **CUMULATIVE AWARDS TO DATE:** | $15,232,494 |
| **UNAWARDED BALANCE OF CURRENT YEAR'S FUNDS:** | $0 |

<u>Fiscal Information:</u>
| | |
|---|---|
| **CFDA Number:** | 93.958 |
| **EIN:** | 1273327978A1 |
| **Document Number:** | 24B1ORCMHS |
| **Fiscal Year:** | 2024 |

| IC | CAN | 01 |
|---|---|---|
| SM | C96J610 | $15,232,494 |

**PCC:** CMHS / **OC:** 4115

**SECTION II – PAYMENT/HOTLINE INFORMATION –      1B09SM089648-01REVISED**

Payments under this award will be made available through the HHS Payment Management System (PMS). PMS is a centralized grants payment and cash management system, operated by the HHS Program Support Center (PSC), Division of Payment Management (DPM). Inquiries regarding payment should be directed to: The Division of Payment Management System, PO Box 6021, Rockville, MD 20852, Help Desk Support – Telephone Number: 1-877-614-5533.

The HHS Inspector General maintains a toll-free hotline for receiving information concerning fraud, waste, or abuse under grants and cooperative agreements. The telephone number is: 1-800-HHS-TIPS (1-800-447-8477). The mailing address is: Office of Inspector General, Department of Health and Human Services, Attn: HOTLINE, 330 Independence Ave., SW, Washington, DC 20201.

**SECTION III – TERMS AND CONDITIONS – 1B09SM089648-01 REVISED**

# REMARKS

## MHBG FY 2024 Award Remarks

This award reflects the remaining balance of the MHBG. The amount shown as "FEDERAL FUNDS APPROVED" on page 3 under SECTION I – AWARD DATA, is the MHBG FY2024 final allocation to your state.

All previous terms and conditions remain in full force and effect.

In accordance with the regulatory requirements provided at 45 CFR 75.113 and Appendix XII to 45 CFR Part 75, recipients that have currently active Federal grants, cooperative agreements, and procurement contracts with cumulative total value greater than $10,000,000 must report and maintain information in the System for Award Management (SAM) about civil, criminal, and administrative proceedings in connection with the award or performance of a Federal award that reached final disposition within the most recent five-year period. The recipient must also make semiannual disclosures regarding such proceedings. Proceedings information will be made publicly available in the designated integrity and performance system (currently the Federal Awardee Performance and Integrity Information System (FAPIIS)). Full reporting requirements and procedures are found in Appendix XII to 45 CFR Part 75.

Version: 25 - 2/15/2024 9:57 AM | Generated on 5/17/2024 12:13 AM

Exhibit A
15 of 16

**Staff Contacts:**

Esther  Urena, Program Official
**Phone**: 240-276-  **Email:** ESTHER.URENA@SAMHSA.HHS.GOV

Wendy  Pang, Grants Specialist
**Phone:** (240) 276-1419  **Email:** wendy.pang@samhsa.hhs.gov  **Fax:** (240) 276-1430

| | |
|---|---|
| **From:** | wendy.pang@samhsa.hhs.gov |
| **To:** | ebony.s.clarke@oha.oregon.gov; ebony.s.clarke@oha.oregon.gov |
| **Cc:** | Provenzano, Anthony (SAMHSA/CSAT); Pang, Wendy (SAMHSA/OFR); eracorrespondence@od.nih.gov |
| **Subject:** | B08TI083513: Termination Notice for COVID-19 Grant Funding |
| **Date:** | Monday, March 24, 2025 5:55:34 PM |

Dear Single State Authority Director and State Mental Health Commissioner,

During the COVID-19 pandemic, the Substance Abuse Mental Health Services Administration (SAMHSA) awarded several pandemic-related grants including the funded Coronavirus Preparedness and Response Supplemental Appropriations Act, 2020 (H.R.6074) (CRRSA) which provided funds to respond to the coronavirus outbreak and the American Rescue Plan (ARP) Act of 2021(H.R. 1319) which provided additional relief to address the continued impact of COVID-19 (i.e., coronavirus disease 2019) on the economy, public health, state and local governments, individuals, and businesses.

On April 10, 2023, President Biden signed PL 188-3 terminating the national emergency concerning the COVID-19 pandemic. Consistent with the President's Executive Order 14222, Implementing the President's "Department of Government Efficiency" Cost Efficiency Initiative requiring a comprehensive review of SAMHSA grants, and where appropriate and consistent with applicable law, terminate such grants to reduce the overall Federal spending **this grant is being terminated effective March 24, 2025**.  These grants were issued for a limited purpose: To ameliorate the effects of the pandemic. The end of the pandemic provides cause to terminate COVID-related grants.  Now that the pandemic is over, the grants are no longer necessary.

In accordance with 45 CFR 96.30 (4), block grant award recipients are required to provide a Financial Status Report (FFR) within 90 days of the close of the applicable statutory grant period. Recipients must liquidate all obligations incurred under an award after the end of the award obligation and expenditure period (i.e., the project period) which also coincides with the due date for submission of the FINAL SF-425, Federal Financial Report (FFR). Reimbursements after termination are allowable if it results from obligations which were properly incurred before the effective date of this termination.

Recipients are expected to complete all work immediately and the reconciliation/liquidation process no later than 90-days after the award period end date.

The related Payment Management System accounts will be restricted from drawdown going further. Additional information will be provided in the revised Notice of Award that will be issued to initiate the award period end date.

[[Correspondence Token: e5efb3eb-8871-46b9-acc5-46544a6e2c75]] -- Do not delete or change this line. --
Please "Reply All" and do NOT delete eracorrespondence@nih.gov from the list of recipients or change the subject line.

| | |
|---|---|
| **From:** | wendy.pang@samhsa.hhs.gov |
| **To:** | Steven.J.Allen@state.OR.US; steven.j.allen@dhsoha.state.or.us |
| **Cc:** | Provenzano, Anthony (SAMHSA/CSAT); Pang, Wendy (SAMHSA/OFR); eracorrespondence@od.nih.gov |
| **Subject:** | B08TI083963: Termination Notice for COVID-19 Grant Funding |
| **Date:** | Monday, March 24, 2025 5:39:32 PM |

Dear Single State Authority Director and State Mental Health Commissioner,

During the COVID-19 pandemic, the Substance Abuse Mental Health Services Administration (SAMHSA) awarded several pandemic-related grants including the funded Coronavirus Preparedness and Response Supplemental Appropriations Act, 2020 (H.R.6074) (CRRSA) which provided funds to respond to the coronavirus outbreak and the American Rescue Plan (ARP) Act of 2021(H.R. 1319) which provided additional relief to address the continued impact of COVID-19 (i.e., coronavirus disease 2019) on the economy, public health, state and local governments, individuals, and businesses.

On April 10, 2023, President Biden signed PL 188-3 terminating the national emergency concerning the COVID-19 pandemic. Consistent with the President's Executive Order 14222, Implementing the President's "Department of Government Efficiency" Cost Efficiency Initiative requiring a comprehensive review of SAMHSA grants, and where appropriate and consistent with applicable law, terminate such grants to reduce the overall Federal spending **this grant is being terminated effective March 24, 2025**.  These grants were issued for a limited purpose: To ameliorate the effects of the pandemic. The end of the pandemic provides cause to terminate COVID-related grants.  Now that the pandemic is over, the grants are no longer necessary.

In accordance with 45 CFR 96.30 (4), block grant award recipients are required to provide a Financial Status Report (FFR) within 90 days of the close of the applicable statutory grant period. Recipients must liquidate all obligations incurred under an award after the end of the award obligation and expenditure period (i.e., the project period) which also coincides with the due date for submission of the FINAL SF-425, Federal Financial Report (FFR). Reimbursements after termination are allowable if it results from obligations which were properly incurred before the effective date of this termination.

Recipients are expected to complete all work immediately and the reconciliation/liquidation process no later than 90-days after the award period end date.

 The related Payment Management System accounts will be restricted from drawdown going further. Additional information will be provided in the revised Notice of Award that will be issued to initiate the award period end date.

[[Correspondence Token: d46ada06-f60d-4830-a848-ec157d0cd2ff]] -- Do not delete or change this line. --
Please "Reply All" and do NOT delete eracorrespondence@nih.gov from the list of recipients or change the subject line.

| | |
|---|---|
| **From:** | wendy.pang@samhsa.hhs.gov |
| **To:** | Steven.J.Allen@state.OR.US; steven.j.allen@dhsoha.state.or.us |
| **Cc:** | Provenzano, Anthony (SAMHSA/CSAT); Pang, Wendy (SAMHSA/OFR); eracorrespondence@od.nih.gov |
| **Subject:** | B08TI084603: Termination Notice for COVID-19 Grant Funding |
| **Date:** | Monday, March 24, 2025 5:39:27 PM |

Dear Single State Authority Director and State Mental Health Commissioner,

During the COVID-19 pandemic, the Substance Abuse Mental Health Services Administration (SAMHSA) awarded several pandemic-related grants including the funded Coronavirus Preparedness and Response Supplemental Appropriations Act, 2020 (H.R.6074) (CRRSA) which provided funds to respond to the coronavirus outbreak and the American Rescue Plan (ARP) Act of 2021(H.R. 1319) which provided additional relief to address the continued impact of COVID-19 (i.e., coronavirus disease 2019) on the economy, public health, state and local governments, individuals, and businesses.

On April 10, 2023, President Biden signed PL 188-3 terminating the national emergency concerning the COVID-19 pandemic. Consistent with the President's Executive Order 14222, Implementing the President's "Department of Government Efficiency" Cost Efficiency Initiative requiring a comprehensive review of SAMHSA grants, and where appropriate and consistent with applicable law, terminate such grants to reduce the overall Federal spending **this grant is being terminated effective March 24, 2025**.  These grants were issued for a limited purpose: To ameliorate the effects of the pandemic. The end of the pandemic provides cause to terminate COVID-related grants.  Now that the pandemic is over, the grants are no longer necessary.

In accordance with 45 CFR 96.30 (4), block grant award recipients are required to provide a Financial Status Report (FFR) within 90 days of the close of the applicable statutory grant period. Recipients must liquidate all obligations incurred under an award after the end of the award obligation and expenditure period (i.e., the project period) which also coincides with the due date for submission of the FINAL SF-425, Federal Financial Report (FFR). Reimbursements after termination are allowable if it results from obligations which were properly incurred before the effective date of this termination.

Recipients are expected to complete all work immediately and the reconciliation/liquidation process no later than 90-days after the award period end date.

 The related Payment Management System accounts will be restricted from drawdown going further. Additional information will be provided in the revised Notice of Award that will be issued to initiate the award period end date.

[[Correspondence Token: 4cb30e29-06c2-4508-b697-15962f8295b8]] -- Do not delete or change this line. --
Please "Reply All" and do NOT delete eracorrespondence@nih.gov from the list of recipients or change the subject line.