UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF COLORADO; STATE OF RHODE ISLAND; STATE OF CALIFORNIA; STATE OF MINNESOTA; STATE OF WASHINGTON; STATE OF ARIZONA; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAIʻI; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR *ex rel.* Andy Beshear, in his official capacity as Governor of the COMMONWEALTH OF KENTUCKY; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; JOSH SHAPIRO, in his official capacity as Governor of the COMMONWEALTH OF PENNSYLVANIA; and STATE OF WISCONSIN,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>        Defendants. | Case No. 1:25-cv-00121 |

**DEFENDANTS' NOTICE OF SUPREME COURT DECISION**

The United States, on behalf of Defendants the United States Department Of Health And Human Services and Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services, respectfully provides the Court notice of a decision issued by the Supreme Court of the United States late this afternoon, which bears directly on the question of this Court's jurisdiction, and mandates dismissal of the matter, or transfer to the Court of Federal Claims.

In *California v. United States Department of Education*, 604 U.S. ___ (2025), No. 24A910, 2025 WL 1008354 (April 4, 2025), attached hereto as Exhibit A, the Supreme Court granted the government's application for a stay pending appeal. Like this case, that case involves a group of states who challenge to the federal government's termination of various grants. The Supreme Court has now stayed the district court's orders in *California*, explaining that the government is "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." Slip. Op. 1-2. Instead, the Supreme Court explained, suits seeking relief like that sought by the *California* plaintiffs likely belong in the Court of Federal Claims. *See id.* at 2.

> The APA's waiver of sovereign immunity does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U. S. C. §702. Nor does the waiver apply to claims seeking "money damages." *Ibid.* True, a district court's jurisdiction "is not barred by the possibility" that an order setting aside an agency's action may result in the disbursement of funds. *Bowen* v. *Massachusetts*, 487 U. S. 879, 910 (1988). But, as we have recognized, the APA's limited waiver of immunity does not extend to orders "to enforce a contractual obligation to pay money" along the lines of what the District Court ordered here. *Great-West Life & Annuity*

2

> *Ins. Co.* v. *Knudson*, 534 U. S. 204, 212 (2002). Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on "any express or implied contract with the United States." 28 U. S. C. §1491(a)(1).

*Id.* In addition, the Supreme Court concluded that the remaining stay factors were met, because the federal government will be harmed if it is unable to "recover the grant funds once they are disbursed" while, conversely, grant recipients "can recover any wrongfully withheld funds through suit in an appropriate forum." *Id.* The same is true here: the federal government will likely be unable to recover any grant funds once they are disbursed, while grant recipients can seek to recover any wrongfully withheld funds in the appropriate forum.

The Supreme Court's decision, issued just today, bears directly on the question of whether this Court has jurisdiction to consider Plaintiffs' claims. In their motion for a Temporary Restraining Order, Plaintiffs relied heavily on an order from the First Circuit in the *California* matter, which rejected the argument that the Tucker Act would apply to claims about federal grants based on what the Plaintiffs described as "identical circumstances" to Plaintiffs' claims here. (ECF No. 4 at 18.) The circumstances remain "identical," but the Supreme Court has now clarified that the Tucker Act *does* apply and, therefore, the Court of Federal Claims has exclusive jurisdiction over Plaintiffs' claims.

In light of the Supreme Court's decision, the Court should vacate the TRO it issued from the bench and decline to enter Plaintiffs' proposed TRO, as Plaintiffs are no longer likely to succeed on the merits of their claims in this Court due to this

Court's lack of jurisdiction over those claims. Defendants will follow with a motion to dismiss for lack of jurisdiction on the same basis promptly.

| | |
|---|---|
| Dated: April 4, 2025 | Respectfully submitted,<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>By their Attorneys,<br><br>SARA MIRON BLOOM<br>Acting United States Attorney<br><br>/s/ *Leslie J. Kane*<br>LESLIE J. KANE<br>Assistant United States Attorney<br>One Financial Plaza, 17th Floor<br>Providence, RI 02903<br>(401) 709-5000<br>Leslie.Kane@usdoj.gov |

## CERTIFICATION OF SERVICE

      I hereby certify that, on April 4, 2025, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rules Gen 304.

                                      */s/ Leslie J. Kane*
                                      LESLIE J. KANE
                                      Assistant United States Attorney