UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF COLORADO; STATE OF RHODE ISLAND; STATE OF CALIFORNIA; STATE OF MINNESOTA; STATE OF WASHINGTON; STATE OF ARIZONA; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR *ex rel.* Andy Beshear, in his official capacity as Governor of the COMMONWEALTH OF KENTUCKY; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; JOSH SHAPIRO, in his official capacity as Governor of the COMMONWEALTH OF PENNSYLVANIA; and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>    Defendants. | Civil Action No. 25-cv-121-MSM-LDA |

# DECLARATION OF KURT JOHN

Pursuant to 28 U.S.C. § 1746, I, Kurt John, declare as follows:

1. I am the Director of the Office of Financial Resources, Substance Abuse and Mental Health Services Administration (SAMHSA), the United States Department of Health and Human Services ("HHS").

2. In that capacity, my official duties include provides fiscal stewardship across the agency and serves as the agency's principal advisor and liaison on all aspects of budget, grants, contracts, and financial management activities.

3. I have experience with HHS's/SAMHSA's record systems regarding grant awards. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events.

4. In the course of preparing this declaration, I have examined the office records available to me regarding grants awarded by SAMHSA.

5. SAMHSA expeditiously provided the Plaintiff states with critical funding through a variety of grant programs intended to timely respond to the crisis caused by the COVID-19 Public Health Emergency ("PHE").

6. Over the past five years, SAMHSA has continued to provide ongoing no cost extensions or allow carryover of funding through these grant programs, frequently extending deadlines during which the funding could be spent. In the interim, the period of performance for a number of the grants have also expired, frequently

with remaining funds that had not been drawn down by the states, despite the availability of those funds.

7.  At the time of the grant terminations on March 24, 2025, approximately 74% of the $2.7 billion in SAMSHA funding for COVID grants to the Plaintiff states had either been spent or had expired, with a remaining balance of approximately $702 million.

8.  With respect to grants where the period of performance had already expired at the time of the grant terminations, the states had not drawn down from the more than $86 million in available funding.

I HEREBY DECLARE TO THE BEST OF MY KNOWLEDGE AND BELIEF, UNDER PENALTY OF PERJURY under the laws of the United States of America, that the foregoing is true and correct.

EXECUTED this April 14, 2025, at Washington, DC.

/s/ *Kurt John*
Kurt John