UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF COLORADO, *et al.*,<br><br>    *Plaintiffs*,<br><br>    *v.*<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>    *Defendants.* | Civil Action No.<br>25cv121-MSM-AEM |

**MOTION FOR STAY
GIVEN LAPSE IN APPROPRIATIONS**

Defendants respectfully move this Court for a stay of this action or, in the alternative, for a 45-day extension on the Defendants' current, October 28, 2025, deadline to respond to Plaintiffs' Complaint. Text Order (Aug. 26, 2025). The requested stay or, in the alternative, 45-day extension of the October 28 deadline would preserve the status quo (*i.e.*, whereby the Court has enjoined Defendants' contested conduct) and pose no prejudice to the Plaintiffs. And, in the absence of a stay or extension, undersigned counsel will be unable to produce an Administrative Record (as federal-agency personnel responsible for that task are furloughed) or confer with agency counsel to review and approve substantive filings in this case. Defendants' counsel has conferred with Plaintiffs' counsel, who do not object to Defendants' motion.

As further grounds for the requested relief, the government submits the following.

1.    As the Court is aware, on October 1, 2025, appropriations funding has lapsed for significant portions of the federal government, including personnel at the Department of Justice ("DOJ"), the United States Attorneys' Offices ("USAO") (including undersigned counsel), the U.S. Department of Health and

1

Human Services ("HHS"), and the Centers for Disease Control and Prevention ("CDC"). As of this filing, no further appropriation by Congress has been made and does not seem imminent.

Absent a further Congressional appropriation, the United States has been required to impose significant restrictions on the ability of many of its employees to carry out their ordinary duties. Specifically, certain DOJ, USAO, HHS, and CDC attorneys and other employees have been prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

The production of an Administrative Record in this case and preparation of a response to the Plaintiffs' Complaint in this case—particularly where Plaintiffs already have achieved ongoing, preliminary relief—do not qualify as such emergencies. *See, e.g.*, *Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018) (noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).[1] As a result, the lapse in appropriations has precluded relevant agency personnel from continuing to work on this case since October 1, 2025, and while the lapse in appropriations continues.

---

[1] For these reasons, a number of district courts have granted stays of non-emergency civil litigation during the length of the lapse in appropriations. *See, e.g.*, In re: Certain Matters Pending Before the United States District Court for the Western District of Pennsylvania Relative to the Lapse of Appropriations of October 1, 2025, Misc No. 25-mc-1098 (W.D. Pa. Oct. 3, 2025); General Order Holding in Abeyance Civil Matters Involving the United States as a Party, Am. Gen. Order 25-0024 (N.D. Ill. Oct. 2, 2025); In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations, Standing Order No. 25-55 (JEB) (D.D.C. Oct. 1, 2025).

2. Undersigned counsel has already been ordered by this Court to comply with an October 30, 2025, dispositive motion deadline in a separate civil defensive suit in which the client agency has continuing funding through the end of this month.[2] Without a stay or extension in this case, undersigned counsel's ability to meet deadlines in both this case and that separate case is severely challenged.

3. Undersigned counsel entered his appearance in this case on September 5, 2025, to substitute for preceding counsel for Defendants who has left DOJ. In addition, undersigned counsel will be principally responsible for Defendants' continuing representation, and would benefit from additional time to review the case and prepare anticipated filings once funding has been restored.

Under the circumstances, Defendants respectfully request that the Court either (1)(a) stay this action until the restoration of funding to DOJ and the Defendants, (b) order that, within five business days after restoration of funding, the parties confer and submit a proposed new date for Defendants to respond to Plaintiffs' Complaint, and (c) toll all other pending deadlines; or (2) extend the Defendants' deadline to respond to Plaintiffs' Complaint by 45 days (*i.e.*, up to and including Friday, December 12, 2025).

We regret the necessity of this request and thank the Court for its time and consideration.

---

[2]  *See* Text Orders (dated May 27 and Oct. 2, 2025), *Jones v. Phelan*, No. 22cv418 (McConnell, C.J.).

3

Dated: October 17, 2025            Respectfully submitted,

SARA MIRON BLOOM
Acting United States Attorney

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
401.709.5029
kevin.bolan@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that, on October 17, 2025, by filing on the Court's ECF site, I have served counsel of record and have complied with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant U.S. Attorney