## STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

STATE OF COLORADO, *et al.*,

      Plaintiffs,

    *v.*

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, *et al.*,

      Defendants.

Civil Action No.
25cv121-MSM-AEM

## STATUS REPORT

The parties, by and through their undersigned counsel, respectfully submit this status report and propose additional case deadlines and relief below. The parties submit this status report consistent with their preceding Status Report and Joint Motion for Further Scheduling and Additional Relief, filed on April 17, 2026. ECF 105.

1.      On April 1, 2025, Plaintiffs filed this case (ECF 1) and moved for a temporary restraining order (ECF 4), which the Court entered by text order on April 3, 2025, as well as on April 5, 2025 (ECF 54). Plaintiffs amended their complaint on April 8, 2025. ECF 59. The parties then filed initial and supplemental briefs concerning the Plaintiffs' preliminary-injunction motion between April 8 and 24, 2025. ECF 60, 68, 69, 80, 81.

2.      On May 16, 2025, the Court granted Plaintiffs' motion for a preliminary injunction. ECF 84. Defendants have notified the Court (ECF 85) of their compliance with the Court's Preliminary Injunction Order, which remains in force through today.

3.      On December 12, 2025, the parties jointly moved to stay this case (ECF 100), and have since submitted subsequent joint motions seeking to extend the stay through today, Tuesday, June 2, 2026. *E.g.*, ECF 105.

1

4.      Consistent with the parties' previous status report, ECF 105, the Defendants produced the Administrative Record in this case on May 1, 2026. The parties' positions about the Administrative Record and the need for discovery differ.

**Plaintiffs' Proposal for Next Steps**

5.      The Administrative Record produced by Defendants is substantially incomplete. Plaintiffs' claims challenge Defendants' overarching policy decision to terminate $11 billion in congressionally appropriated public health funding. Defendants have offered multiple different explanations for this decision, including that the decision was motivated by the end of the pandemic (*see* ECF 68 at 23), concerns with funding for diversity, equity, and inclusion (*see* ECF 69 at 1), states' inability to use funds in a timely manner or for the purpose for which they were awarded (*see* ECF 68 at 26), and the possibility of reallocating the funds to other priorities (*see id.* at 19, 32). Yet the record contains no materials regarding that policy decision, let alone all records considered directly or indirectly in making that decision. Instead, the record is limited essentially to grant documentation (notice of funding opportunities, program descriptions, notices of awards, and related grant guidance) and termination notices.

6.      Leaving aside these record inadequacies, Plaintiffs are entitled to discovery regarding their Separation of Powers, Spending Clause, and equitable *ultra vires* claims (*see* ECF 59 at 39-43), which are not limited to or constrained by Defendants' (incomplete) Administrative Record. Courts regularly permit discovery on constitutional and other non-APA claims even when APA claims are also present, particularly where, as here, the agency has not produced the materials necessary to understand a challenged policy decision. *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump,* 155 F.4th 1082, 1093 (9th Cir. 2025) ("Review of an ultra vires challenge would not be limited to an administrative record."); *Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120, 190 n. 46 (D. Mass.

2

2025); *Authors Guild v. Nat'l Endowment for the Humans.*, No. 25-CV-3657 (CM), 2025 WL 3678097  at \*13-14 (S.D.N.Y. Dec. 18, 2025) (allowing discovery on constitutional claims where "the administrative record is demonstrably incomplete"). Defendants' motivations regarding the public health funding decision are relevant to Plaintiffs' non-APA claims that Defendants sought to impound funding in violation of the Constitution.

7.      Discovery is especially appropriate because Defendants' primary defense is that the Court *lacks* jurisdiction over the APA claims. ECF 68 at 9-14. If the Defendants were to succeed in this Court or on appeal, that would leave only the constitutional and *ultra vires* claims, none of which would be based on an administrative record. The Supreme Court addressed this situation in *Webster v. Doe*, 486 U.S. 592, 601 (1988), where, after concluding that the courts were precluded from reviewing the APA claims, the Court nevertheless permitted constitutional claims to proceed, recognizing that these claims involve "inquiry and discovery" and that the district court would have "latitude to control the discovery process" for such claims.[1] *Id.* at 604. So too here, Plaintiffs are entitled to discovery to prove Defendants' constitutional violations.

8.      But even if this case were limited only to APA claims, discovery would still be appropriate to complete the Administrative Record. Here, Defendants have not produced a single document about the policy decision they made to terminate public health funding, let alone all records considered directly or indirectly in making that decision. Instead, Defendants pretend that this policy

---

[1] Defendants suggest that this Court is unlikely to resolve Plaintiffs' constitutional claims based on the constitutional avoidance doctrine articulated in *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936), but that completely ignores that Defendants insist the Court has no jurisdiction over the APA claims. It also does not address the *ultra vires* claim. Nor is this argument a basis to deny Plaintiffs' requested discovery here, where the Court has not yet resolved any claims on the merits.

3

decision never happened, and that one morning multiple different HHS component agencies decided at the same time to terminate $11 billion in public health funding using similar boilerplate termination notices. Defendants have failed to disclose basic facts from the beginning, refusing in prior filings and hearings to reveal even the most basic information about this policy decision, including who made the decision. *See, e.g.*, ECF at 89, ll-18. Defendants' unlawful conduct continues now with a woefully incomplete record. Given the failure to produce any documents related to the policy decision challenged, Plaintiffs have easily met their burden to show "reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *New York v. McMahon*, No. 25-10601-MJJ, 2026 WL 622484, at *3 (D. Mass. Feb. 11, 2026).

9.      Plaintiffs seek tailored and proportional discovery. Plaintiffs propose to focus on their non-APA claims, which will likely narrow or resolve the problems with Defendants' incomplete Administrative Record. Specifically, Plaintiffs seek to serve no more than 15 interrogatories and 15 requests for production. Depending on Defendants' responses to these requests, Plaintiffs may obtain all necessary information from written discovery alone or may need limited follow-on discovery, such as depositions. Plaintiffs propose to file a further status report once initial discovery, including any privilege issues, is completed and resolved. That status report will identify proposed next steps, including if additional discovery is necessary.

10.     In the alternative, if the Court desires additional briefing, the parties can propose a briefing schedule to resolve Plaintiffs' request for discovery.

**Defendants' Position on Extra-Record Discovery**

11.     Defendants respectfully submit that the Administrative Record is complete and provides sufficient evidence for the parties to present cross-motions for summary judgment that could be dispositive of the relief Plaintiffs seek in the

Amended Complaint (ECF 58). In APA cases, "summary judgment is simply a vehicle to tee up a case for judicial review and, thus, an inquiring court must review an agency action not to determine whether a dispute of fact remains but, rather, to determine whether the agency action was arbitrary and capricious." *Boston Redev. Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016) (cleaned up).

12.    Although Plaintiffs also assert separation-of-powers and Spending Clause claims in their Amended Complaint (ECF 58), those claims overlap in substance with Plaintiffs' claims under the APA that Defendants' agency action is contrary to law. Moreover, the Court would almost certainly decide Plaintiffs' APA claims first. That approach is consistent with the settled principle that federal courts avoid deciding constitutional questions unless absolutely necessary. *See, e.g., Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("If a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.") (cleaned up). And it seems unlikely that there could be an inconsistent result on Plaintiffs' APA and constitutional claims even if the Court reached the merits of both sets of claims.

13.    Accordingly, rather than require the parties and the Court to expend time and resources litigating discovery disputes related to claims that might never need to be reached—and discovery Defendants oppose—Defendants respectfully request that the Court set a summary judgment schedule whereby Plaintiffs (who have the burden) would move for summary judgment; Defendants would file their cross-motion for summary judgment on the first business day at least 30 days after Plaintiffs' opening brief; and the parties would then file successive reply briefs on the first business day at least 21 days after the opposing party's prior filing.

14.    In the alternative, Defendants request that the Court set a briefing schedule to address Plaintiffs' contention that they are entitled to extra-record discovery in this APA challenge or any other discovery before the case proceeds to summary judgment briefing.

6

Dated: June 2, 2026

Respectfully submitted,

**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR.**, in his official capacity as Secretary of Health and Human Services,

By their attorneys,

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant U.S. Attorney

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
401.709.5029
kevin.bolan@usdoj.gov

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ David Moskowitz*
David Moskowitz*
*Deputy Solicitor General*
Sam Wolter*
*Assistant Attorney General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov
Samuel.Wolter@coag.gov

*Counsel for the State of Colorado*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Sarah W. Rice*
Sarah W. Rice (RI Bar No. 10465)
*Deputy Chief, Public Protection Bureau*
*Assistant Attorney General*
Julia Harvey (RI Bar No. 10529)
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2054
srice@riag.ri.gov
jharvey@riag.ri.gov

*Counsel for the State of Rhode Island*

7

**ROB BONTA**
Attorney General of California

By: */s/ Crystal Adams*
Neli Palma*
*Senior Assistant Attorney General*
Crystal Adams*
Anna Rich*
*Deputy Attorneys General*
1300 I Street
Sacramento, CA 95814
(916) 210-7522

*Counsel for the State of California*

**NICHOLAS W. BROWN**
Attorney General of Washington

By: */s/ Ellen Range*
Ellen Range*
*Assistant Attorney General*
Office of the Washington State Attorney General
7141 Cleanwater Drive SW
P.O. Box 40111
Olympia, WA 98504-0111
(360) 709-6470
Ellen.Range@atg.wa.gov
Cristina Sepe*
*Deputy Solicitor General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Cristina.Sepe@atg.wa.gov

*Counsel for the State of Washington*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew Ammirati*
Andrew Ammirati*
*Assistant Attorney General*
165 Capitol Avenue
Hartford, CT 06106
Phone: (860) 808 5090
Andrew.Ammirati@ct.gov

*Counsel for the State of Connecticut*

**KEITH ELLISON**
Attorney General of Minnesota

By: */s/ Brian S. Carter*
Brian S. Carter*
Jennifer Moreau*
*Assistant Attorneys General*
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-7403
Brian.Carter@ag.state.mn.us
Jennifer.Moreau@ag.state.mn.us

*Counsel for the State of Minnesota*

**KRISTIN K. MAYES**
Attorney General of Arizona

By: */s/ Mary M. Curtin*
Mary M. Curtin*
*Senior Litigation Counsel*
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Mary.Curtin@azag.gov

*Counsel for the State of Arizona*

**KATHLEEN JENNINGS**
Attorney General of Delaware

By: */s/ Vanessa L. Kassab*
Vanessa L. Kassab*
*Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

By: */s/ Samantha Miyahara Hall*
Samantha Miyahara Hall*
*Assistant Attorney General*
Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 Sixth Street, N.W.
Washington, D.C. 20001
(202) 788-2081
Samantha.hall@dc.gov

*Counsel for the District of Columbia*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Rebekah Newman*
Rebekah Newman*
*Assistant Attorney General*
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(773) 590-6944
rebekah.newman@ilag.gov

*Counsel for the State of Illinois*

**AARON M. FREY**
Attorney General of Maine

By: */s/ Margaret Machaiek*
Margaret Machaiek*
*Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel.: 207-626-8800
Fax: 207-287-3145

*Counsel for the State of Maine*

**ANNE E. LOPEZ**
Attorney General of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
*Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

**OFFICE OF THE GOVERNOR *ex rel.* ANDY BESHEAR**
in his official capacity as Governor of the Commonwealth of Kentucky

By: */s/ Travis Mayo*
S. Travis Mayo*
*General Counsel*
Laura C. Tipton*
*Deputy General Counsel*
Kentucky Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
laurac.tipton@ky.gov

*Counsel for the Office of the Governor*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ James C. Luh*
James C. Luh*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us

*Counsel for the State of Maryland*

9

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: */s/ Katherine B. Dirks*
Katherine B. Dirks*
*Chief State Trial Counsel*
Phoebe Lockhart*
Assistant Attorney General
1 Ashburton Pl.
Boston, MA 02108
(617.963.2277)
katherine.dirks@mass.gov
phoebe.lockhart@mass.gov

*Counsel for the Commonwealth of
Massachusetts*

**AARON D. FORD**
Attorney General of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)*
*Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Counsel for the State of Nevada*

**RAÚL TORREZ**
Attorney General of New Mexico

By: */s/ Anjana Samant*
Anjana Samant*
*Deputy Counsel*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
asamant@nmdoj.gov
(505) 270-4332

*Counsel for the State of New Mexico*

**DANA NESSEL**
Attorney General of Michigan

By: */s/ Jennifer M. Jackson*
Jennifer M. Jackson (P67126)*
Carl Hammaker (P81203)*
Assistant Attorneys General
Michigan Department of Attorney
General
Attorneys for State of Michigan
525 W. Ottawa St.
Lansing, MI 48933-1067
517.335.7573
jacksonj5@michigan.gov
hammakerc@michigan.gov

*Counsel for the State of Michigan*

**MATTHEW J. PLATKIN**
Attorney General of New Jersey

By: */s/ Jessica L. Palmer*
Jessica L. Palmer*
Anaiis Gonzalez*
*Deputy Attorneys General*
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-4607
Jessica.Palmer@law.njoag.gov
Anaiis.Gonzalez@law.njoag.gov

*Counsel for the State of New Jersey*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Rabia Muqaddam*
Rabia Muqaddam*
*Special Counsel for Federal Initia-
tives*
Gina Bull*
*Assistant Attorney General*
28 Liberty St.
New York, NY 10005
(929) 638-0447 rabia.muqad-
dam@ag.ny.gov
gina.bull@ag.ny.gov

*Counsel for the State of New York*

10

**JEFF JACKSON**
Attorney General of North Carolina

By */s/ Daniel P. Mosteller*
Daniel P. Mosteller*
*Associate Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
dmosteller@ncdoj.gov

*Counsel for State of North Carolina*

**JOSH SHAPIRO**
in his official capacity as Governor of
the Commonwealth of Pennsylvania

Jennifer Selber
*General Counsel*

By: */s/ Aimee D. Thomson*
Aimee D. Thomson*
Jonathan D. Koltash*
*Deputy General Counsel*
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov
jokoltash@pa.gov

*Counsel for Governor Josh Shapiro*

**\*Admitted pro hac vice**

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Deanna J. Chang*
Deanna J. Chang*
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Deanna.J.Chang@doj.oregon.gov

*Counsel for the State of Oregon*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Lynn K. Lodahl*
Lynn K. Lodahl*
*Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6219
lodahllk@doj.state.wi.us

*Counsel for the State of Wisconsin*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 2, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant U.S. Attorney

11